IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KCG, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:09-CV-02062-JWL-DJW |
| | ) |
| STONEWALL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY, MOTION TO SHORTEN TIME IN WHICH
DEFENDANT SHOULD RESPOND TO MOTION TO COMPEL DISCOVERY AND
REQUEST FOR DISCOVERY CONFERENCE WITH THE COURT**

Background of Case

KCG, Inc. is the successor in interest to Ruco, Inc., a company that sold asbestos containing products from late 1971 until late 1977 or early 1978. Ruco, Inc (or its successors) was the named insured on two policies of excess insurance issued by Stonewall Insurance Company, affording $22 million in insurance coverage. It was also the named insured on five additional policies of excess or umbrella insurance issued by other insurers. The policies were issued for the thirteen year period between 1971 and 1984. KCG, Inc has been unable to locate excess or umbrella policies for six of the thirteen years. The Stonewall policies include defense obligations under certain circumstances. Among other positions, Stonewall Insurance Company has taken the position that plaintiff was either uninsured or underinsured for six of the thirteen years and that plaintiff should be allocated a portion of the indemnity payments or losses that

might be made. It has also taken the position that any payments by it of defense costs erode the $22 million limits of the two policies.

The Discovery

Plaintiff served those Requests for Production attached to the Motion to Compel as Exhibit A. Request 4 sought production of internal communications or writings relating to the potential obligations of insureds to share in indemnity payments or defense costs or relating to the erosion of limits based on upon payment of defense costs. Request 6 sought the production of pleadings, discovery responses and depositions in any suit in which Stonewall has taken the position that one if its' insured was obligated to share indemnity payments or defense costs or that policy limits were eroded by payment of defense costs. Request 7 sought the same type of documents requested in Request 6, except that it sought documents from suits in which Stonewall had taken the position that the insured was *not* obligated to so share or had taken the position that defense costs did *not* erode limits.

The Objections

Defendant objected to the requests on the grounds that they were overbroad in time and scope and that they were "irrelevant" and not reasonably calculated to lead to the discovery of admissible evidence, apparently because the requests were not limited to policies which contained identical terms to the two policies in dispute.[1]

The Objections Should Be Overruled and Defendant Should Immediately Produce the Documents

Discovery can be obtained regarding any non-privileged matter that is relevant to the claims or defenses in issue. Relevancy is broadly construed for pretrial discovery and a request

---

[1] Defendant also raised privilege objections. Those objections need not be ruled. As noted at the outset of the Requests for Production, the Requests specifically excluded privileged documents and documents prepared in anticipation of litigation.

should be allowed "unless it is clear that the information sought can have no *possible* bearing on the claim or defense." *In re Urethane Antirust Litigation,* 261 F.R.D. 570, 573 (D. Kan. 2009)(emphasis supplied.)  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Kanam v. University of Kansas Hospital Authority,* 2009 WL 211946, Case No. 07-2554-EFM, United States District Court For Kansas, Order dated January 26, 2009.

Just as discovery of other accidents and claims involving products that are not precisely identical to the product involved in the litigation may lead to the discovery of admissible evidence (*Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 633 (D. Kan. 20005), the documents sought here are clearly relevant and reasonably calculated to lead to the discovery of admissible evidence.  Defendant claims that Plaintiff should be allocated a portion of indemnity costs and defense costs, and that its available $22 million limits are eroded by Stonewall's payment of defense costs.  Plaintiff is entitled to discover internal documents and pleadings, discovery and depositions in matters in which Stonewall has either taken that same position or has taken the polar opposite position.  Defendant's position that discovery should be restricted to policies with identical terms is without merit.  Rather, discovery should be permitted in connection with all policies.  It may well be that once discovery is obtained and policy language compared, that any differences in language are inconsequential and are "distinctions without a difference."  Alternatively, the distinctions could be sufficiently significant that the information obtained by discovery might be inadmissible at the trial of this matter. The only way that either Plaintiff or the Court can make that determination is to permit discovery. Discovery should not be denied because there might be differences in policy language, that might or might not be of significance and might or might not render certain documentation inadmissible at trial.

<u>Shortened Response Time</u>

      Plaintiff has been patient with Defendant and agreed to extensions of time that permitted Defendant from December 23, 2009 until February 11, 2010 to respond or object.  Depositions are set for March 4, 2010, and the deposition subject matters and requests for production at the deposition include the very subject matters that are set forth in the foregoing requests.  An expedited ruling is necessary in order for counsel for Plaintiff to properly prepare for the depositions.  Defendant has had ample time to frame its objections and consider their merits.  Defendant will not be prejudiced by an expedited ruling.

                    **SHERMAN TAFF BANGERT**
                      **THOMAS & CORONADO, P.C.**

                By:_____/s/ E. Wayne Taff_____
                    E. Wayne Taff           USDC  70588
                    2001 City Center Square
                    1100 Main Street
                    P.O. Box 26530
                    Kansas City, Missouri 64196
                    Telephone: (816) 410-6519
                    Facsimile:  (816) 471-6642
                              (816) 474-7346
                    Email: ewt@stb-law.com
                              mdk@stb-law.com

                    **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was hand delivered and scanned and sent by email on the 17th day of February, 2010 to the following:

Hal Meltzer
51 Corporate Woods
9393 W. 110th St., Ste 500
Overland Park, KS  66210
Attorney for Stonewall Insurance Company

                                          _____/s/ E. Wayne Taff_____
                                              Attorney for KCG, Inc.